```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**NORTH AMERICAN PRECAST, INC. and**
**G&G BUILDERS, INC.**

    **Plaintiffs**


v.                                                CIVIL ACTION NO. 3:04-1307


**GENERAL CASUALTY COMPANY OF WISCONSIN,**
a Wisconsin corporation


    **Defendant**


<u>**MEMORANDUM OPINION AND ORDER**</u>

    This matter is before the court on the motion of the defendant, General Casualty Company of Wisconsin ("General Casualty") to transfer venue, filed March 28, 2005.

I.

    Plaintiff North American Precast, Inc. ("North American") is an Ohio corporation with its principal place of business in Summit County, Ohio, and plaintiff G&G Builders, Inc. ("G&G") is a West Virginia corporation.  (Compl. ¶¶ 1, 2.) Defendant General Casualty, a commercial insurer, is a Wisconsin corporation with a principal place of business in that state.

(Def. Mem. at 3; Compl. ¶ 3.) It is licensed to conduct business in various other states, including Ohio (<u>Id</u>. at 2), and is registered with the West Virginia Secretary of State.

North American held a General Casualty comprehensive policy of insurance, which included commercial general liability and completed operations coverage, issued through Sutherin-Melling Insurance Agency of Cuyahoga County, Ohio. (Def. Mem. at 3; Compl. ¶ 34.) Plaintiffs aver that General Casualty issued a certificate of coverage naming G&G as an additional insured under that policy when North American became a subcontractor for G&G for purposes of construction of the Western Regional Jail in Barboursville, West Virginia, for which G&G was acting as the general trades contractor. (Pl. Mem. at 1.) Defendant, however, disputes that a "policy" was issued to G&G.[1] (Def. Mem at 3.)

As a subcontractor for the jail construction project, North American was to deliver "planks," (Def. Mem. at 3) or pre-stressed, hollow-core concrete panels (Pl. Mem. at 1) to the construction site in Barboursville (Compl. ¶ 9). Plaintiffs allege that defects were discovered in those panels after an

---

[1] The question would seem to be, not whether a policy was issued to G&G, but rather whether G&G was added as a named insured to the North American policy by a certificate of coverage or the like.

installed panel collapsed, and that construction ceased for an extended period of time because of the defects.  (Pl. Mem. at 2.)  G&G withheld payment to North American, which then filed an action against G&G for breach of contract in Ohio state court.  G&G removed that action to the United States District Court for the Northern District of Ohio.  (Def. Mem. at 3, Pl. Mem. at 2.)  G&G filed a counterclaim in that action, seeking damages related to the collapse of the plank and the resultant construction delays and additional costs, but General Casualty declined to provide coverage or a defense in the lawsuit.  (Compl. ¶¶ 19-20.)

G&G filed a separate action against North American, certain franchisors and licensors of the planks, and certain engineers responsible for their design, in the United States District Court for the Southern District of West Virginia.  (Pl. Mem. at 2.)  G&G and North American then entered into an agreement wherein North American confessed judgment on G&G's counterclaim in the Ohio action and assigned its rights under the insurance policy, if any, to G&G.  (Pl. Mem. at 2.)  The West Virginia action by G&G was stayed by order dated September 28, 2004, pending institution and conclusion of a civil action by G&G against North American's insurance carrier, General Casualty.

Plaintiffs subsequently filed the complaint initiating this action against General Casualty on December 16, 2004. Defendant General Casualty seeks transfer to the United States District Court for the Northern District of Ohio, asserting that the central issue of this case involves interpretation of the insurance policy, which was sold in Ohio. (Def. Mem. at 8.) It argues that Ohio has "a substantial interest in interpreting the insurance contracts issued to [its] citizens," and General Casualty did not have sufficient contacts with West Virginia to anticipate that it might have to defend a lawsuit in this forum. (Def. Mem. at 10.) Defendant further suggests that the Ohio locale is more convenient inasmuch as the following witnesses reside in proximity to that court: employees of North American; Sutherin-Melling Insurance agents; and employees and/or officers of Crawford & Company, which it alleges investigated North American's claim. (Def. Mem. at 8.) Defendant specifically names only Wayne Miller of Crawford & Company, whom it says resides in Akron, Ohio. (Def. Mem. at 9.)

Plaintiffs respond that their choice of forum is entitled to great deference and that defendant's arguments related to employees of North American are inappropriate inasmuch as North American is a plaintiff that has indicated its preferred

forum by filing the action here. (Pl. Mem. at 4, 5.)  They assert that General Casualty representatives will have to travel for litigation regardless of whether the case remains in the Southern District of West Virginia or is transferred to the Northern District of Ohio, because General Casualty is domiciled in Wisconsin.  (Pl. Mem. at 6.)

II.

Defendant seeks change of venue under 28 U.S.C. § 1404(a), which provides that, even where venue is appropriate, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  It is well settled that the decision whether to transfer a matter to another district is committed to the sound discretion of the district court.  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

Motions for transfer of venue are to be determined based upon an "individualized, case-by-case consideration of convenience and fairness."  Stewart Org., 487 U.S. at 29 (citing Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).  The purpose of section 1404(a) "is to prevent waste of time, energy and money

and to protect litigants, witnesses and the public against unnecessary inconvenience and expense ...."   <u>Van Dusen</u>, 376 U.S. at 613.

### III.

Plaintiffs do not take exception to defendant's argument that venue is proper in the Northern District of Ohio, and that this action could properly have been brought there. They argue instead that defendant has not shown that factors relating to convenience and interest of justice substantially weigh in defendant's favor.

The principal factors to be considered in a transfer analysis include plaintiffs' choice of venue, witness convenience and access, party convenience, and the interest of justice. <u>Stewart Org.</u>, 487 U.S. at 29.  Transfer to another district is not appropriate merely to shift the hardships from the defendant to the plaintiff.  <u>Id.</u>

Inasmuch as plaintiffs have selected this forum, the first factor weighs heavily in their favor.  As to the remaining factors, it does not appear that the interests of convenience or justice would be better served in transferring this matter to the Ohio court.  Though defendant contends it does not have

6

sufficient minimum contacts with this state – thereby being haled before this court against the "interests of justice" – it has been registered with the West Virginia Secretary of State since March 1992 and presumably does some business here.  It also appears that General Casualty may have issued a certificate of coverage naming G&G an additional insured under North American's policy, with the knowledge that North American would be acting as a subcontractor for G&G, a West Virginia corporation, in Barboursville, West Virginia.  It is noted as well that defendant has brought this motion exclusively under § 1404(a), which may constitute an admission that General Casualty did have minimum contacts sufficient to establish this court's jurisdiction.  The consideration of minimum contacts does not weigh in favor of defendant.

Neither do concerns of convenience suggest that this matter should be transferred.  Plaintiffs assert, and defendant has not suggested otherwise, that employee witnesses of General Casualty likely would be subject to travel regardless of whether venue lies in Ohio or West Virginia, though Ohio would be closer, inasmuch as General Casualty is a Wisconsin corporation headquartered in that state.  With regard to the witnesses from Sutherin-Melling Insurance and Crawford & Company, the court

notes that Rule 45(b)(2) of the Federal Rules of Civil Procedure allows service of subpoenas for depositions conducted outside this district, and Rule 45(c)(1) protects those potential deponents from undue burden and expense.  Depositions of those witnesses, then, may be held outside this district should such arrangements prove more convenient.  Moreover, because defendant has said that Crawford & Company performed an investigation, for which it presumably was compensated, related to North American's claim of insurance, it seems reasonable that employees of Crawford & Company would have recognized the possibility that one or more of them may be called to give testimony here.  Though defendant has not identified Crawford & Company's office location, defendant has specifically named only one expected witness from that company.  It also seems likely that the potential number of witnesses from Sutherin-Melling, which merely acted as a sales agent for General Casualty, will be small, if needed at all.

      Defendant additionally argues that the courts of Ohio have a "substantial interest in interpreting the insurance contracts issued to [its] citizens," implicating the notion that the "interest of having local controversies tried at home" (Def. Mem. at 10) is better served by an audience with the Ohio

district court.  Yet, West Virginia is as much the home of this controversy as any other state.  In support of its argument, defendant cites McGee v. International Life Insurance Co., 355 U.S. 220 (1957)[2], in which the United States Supreme Court held that "[t]he Due Process Clause of the Fourteenth Amendment did not preclude [a] California court from entering judgment binding on respondent," a foreign insurance company, though service of process had not been effected in that state.  Id., Syl. Pt. 1.  Section 1404(a) was not an issue in McGee, nor was any other venue statute.[3]

McGee is factually distinct from this case and has no application here.  There, the Court found that the state of California had "a manifest interest in providing effective means

---

[2] In McGee the beneficiary of a life insurance policy was successful in her California action to collect proceeds from a policy under which her son, a California resident, was insured.  Unable to collect the judgment in California, she brought suit against the insurance company in a Texas state district court, which determined that relief could not be granted because the California judgment was void under the Fourteenth Amendment, based on lack of service of process in California on the defendant.  The Texas Court of Civil Appeals affirmed.  On certiorari, the Supreme Court reversed, finding that for due process purposes it was sufficient that the California action was based on a contract having a substantial connection with that state.

[3] The court notes that defendant cited this case as well in arguing that venue also is proper in the Northern District of Ohio, a statement which plaintiffs do not dispute.

of redress for its citizens when their insurers refuse to pay claims" where an insurance contract was delivered in California, premiums were mailed from there, and the insured was a resident of that state. The Court wrote that California residents "would be at a severe disadvantage if they were forced to follow the insurance company to a distant State in order to hold it legally accountable," particularly where claims of individuals were "small or moderate." McGee, 355 U.S. at 223. This disadvantage, according to the Court, ultimately could result in defendant insurance companies becoming "judgment proof." Id.

The insurance claim made by North American and G&G upon General Casualty is not made by an individual and is by no means "small or moderate."[4] The rationale expressed in McGee protects litigants encountering financial barriers perilous to maintaining their actions in a distant forum, but plaintiffs here, having chosen this forum, require no such protection.

For the reasons stated, the interest of justice is no better served by transferring this controversy to the United States District Court for the Northern District of Ohio.

---

[4] Plaintiffs claim that G&G suffered "substantial monetary loss in the amount of at least" $1,807,109.

IV.

It is accordingly ORDERED that defendant's motion to transfer venue be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: July 8, 2005

_____
John T. Copenhaver, Jr.
United States District Judge