```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**NORTH AMERICAN PRECAST, INC. and**
**G&G BUILDERS, INC.**

      **Plaintiffs,**

**v.**                                  **CIVIL ACTION NO. 3:04-1307**

**GENERAL CASUALTY COMPANY OF WISCONSIN,**
**a Wisconsin corporation**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

Remaining before the court is the plaintiffs' Federal Rules of Civil Procedure Rule 50 motion, presented orally at trial on August 14 and 15, 2008, for judgment as a matter of law on the issue of whether plaintiffs provided reasonable notice to the defendant insurance company of its claim for property damage resulting from the collapse on July 1, 2002, of an installed concrete plank supplied by North American Precast Inc. The court deferred ruling on the motion. Following the court's deferment, the jury reached a verdict in the first phase of the trial in this case finding in part that the plaintiffs provided notice to the defendant within a reasonable period of time under the circumstances.

The notice provision "is to be liberally construed in favor of the insured" and "not to be read as a series of technical hurdles." Colonial Ins. Co. v. Barrett, 208 W. Va. 706, 711, 542 S.E.2d 869, 874 (2000). It requires only that the notice permit the insurer an opportunity to adequately investigate the claim and estimate its liabilities. Id. The insurance policy in this case directs that the notice be given "as soon as practicable." (Pls.' Trial Ex. 2). Reasonableness is the measure of timeliness of the notice regardless of the precise language in the policy. State Auto. Mut. Ins. Co. v. Youler, 183 W. Va. 556, 561, 396 S.E.2d 737, 742 (1990).

Plaintiffs' trial exhibits 6 and 7 reveal as a matter of law that the defendant had notice that the collapse of the plank caused property damage within a reasonable period of time after the incident. It is undisputed that the "General Liability Notice of Occurrence/Claim" was provided by G&G Builders, Inc. to the defendant's insurance agent, who, acting by Cairl Dacar, in turn faxed it to defendant's representative, Debbie Keisler, on January 23, 2003. (Pls.' Trial Ex. 6). The claim noted that the insured, listed on the claim as North American Precast, Inc., "manufactured plank for claimant that collapsed on 7/1/2002. clmt alleges that plank was defective." G&G Builders, Inc. is

listed on the claim under the category, "Injured/Property Damaged."  (Id.).

An e-mail from Cairl Dacar to Debbie Keisler dated January 23, 2003, stated, in part, "[t]here is additional property damage caused by the collapse, however I don't have specific information regarding that.  They are also claiming adverse inpacts [sic] including 'project delays, repair/replacement of defective product, precautionary reinforcement measures, additional testing and inspection . . .'" (Pls.' Trial Ex. 7) (emphasis added).

Independently of Section 114-14-2.7 (notification of claim) of the West Virginia Code of State Regulations as promulgated by the Insurance Commissioner, the notice so given was sufficient to alert the defendant of both the occurrence itself and that the collapsed plank had caused property damage such that defendant should undertake an investigation.

Moreover, defendant produced no specific evidence that it suffered prejudice as a result of not sooner receiving notice of the collapse of the plank causing property damage. Furthermore, it is noted that counsel for the defendant, in his letters denying coverage dated July 8, 2003, February 25, 2004,

3

September 9, 2004, and November 15, 2004, (Pls. Trial Exs. 23, 27, 31, 34), did not specifically raise the argument that the defendant had not received timely notice.  Counsel for the defendant included that matter for the first time in a footnote in its memorandum in support of its motion for summary judgment on the issue of coverage, filed on September 23, 2005, more than 2½ years after the defendant first received the notice.

It is, accordingly, ORDERED that plaintiffs' motion that the court find as a matter of law that plaintiffs provided adequate and seasonable notice of the claim be, and it hereby is, granted.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record.

DATED: August 25, 2008

_____
John T. Copenhaver, Jr.
United States District Judge